(No. 75-CC-0544—

HELEN BRUSZKIEWICZ, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1978.*

BRADLEY, BRADLEY, LYON & NEDDERMAN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES O. STOLA, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant heretofore filed a claim against the State of Illinois alleging that while she was a patient at the Chicago Read Mental Health Center on December 3, 1973, she was a victim of a rape attack. Claimant

alleges that on the night in question, she, in the company of other females, went to the gymnasium on the grounds of the Center to play volleyball. At the Center, she alleges she was pulled out of the auditorium by one James Hatter, Theresa Chism and one other girl and was taken to the back of the gymnasium where the three individuals held her on the ground, removed her clothing, and James Hatter then had sexual intercourse with her against her will. She alleges she then went back to where she lived and reported the rape to her counselor, and she was then taken to the medical building for an examination. Before the medical examination, however, she left the Center and returned to her home but returned to the Center the following day where she was examined medically.

Claimant further alleges she is now "very paranoid of black men" and that she has nightmares almost every week.

An inmate of the Chicago Read Mental Health Center, Monticello Coleman, was called as a witness on behalf of Claimant and he testified he was a patient at the facility and witnessed the assault on Claimant. He testified he went back to the gymnasium to notify the security guard who laughed, thinking what he told him was a joke.

Respondent offered no testimony regarding the occurrence but submitted into evidence five exhibits pertaining to Claimant's confinement at the Health Center.

Briefs were not submitted by either Claimant or Respondent.

The record indicates that Claimant had psychiatric problems before and since the incident in question.

I have made a search of the records of the Court of Claims to see if there were any guidelines in cases of this nature. I have also checked volumes back to the year 1948 and find no cases similar to the one at hand to give some basis for fixing the amount of the damages.

It appears from the record that Claimant was assaulted and raped and that Respondent was negligent in failing to provide adequate protection and security for its inmates, particularly Claimant herein.

In view of all the circumstances, the Court believes an award of $2,500.00 is fitting and proper in this case.

An award is hereby entered in favor of Claimant in the amount of $2,500.00.